*E-FILED 4/10/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CATHERINE WELLS, et al., | No. C06-03511 RMW HRL |
| Plaintiffs,<br>v. | **ORDER ON PLAINTIFF'S MOTION TO QUASH** |
| GC SERVICES LIMITED PARTNERSHIP, | [Re: Docket No. 24] |
| Defendant. | |

Plaintiffs are Catherine Wells (the debtor, "plaintiff"), Clarence Wells (her father), and James Wells (her brother). Plaintiffs are suing GC Services Limited Partnership ("GC Services"), a debt collector, for damages to redress alleged violations of the Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("state Act"). Plaintiffs allege that, beginning around June 2005, defendant began repeatedly calling Catherine Wells "on a nearly daily basis, with the intent to annoy, abuse and harass." Plaintiffs allege that defendant made approximately 40-50 calls over a 2-3 month period and that defendant also called Catherine Wells' parents, brother, neighbor, and stepsister.

In February 2007 defendant purported to serve seven of plaintiff's creditors with subpoenas (issued out of the Northern District of California) requesting testimony and document production comprising specified credit card statements and any written communications with third party debt collection agencies. There were numerous procedural

1  defects with these subpoenas. Catherine Wells filed this motion to quash the subpoenas,
2  pointing out the procedural defects and arguing that the information sought was irrelevant and
3  designed to further embarrass her about her finances. Defendant withdrew the defective
4  subpoenas and purported to issue new subpoenas from the districts in which the creditors are
5  located. The new subpoenas request, in addition to the same topics as the old subpoenas, all
6  documents relating to the debt collection of the account as well as documentation of telephone
7  calls made. The new subpoenas do not require any individuals to appear to testify.

## DISCUSSION

### A. Jurisdiction

Federal Rule of Civil Procedure 45 allocates authority over subpoenas to the court for the district from which they are issued ("On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena" if it is improper, Rule 45(c)(3)(A).) See also *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("only the issuing court has the power to act on its subpoenas"). Thus, this court is not the proper court to quash or modify the subpoenas, which all issued from other courts.

However, this court could properly address a motion for a protective order, and this court has the right to define the scope of discovery. Federal Rule of Civil Procedure 26 allows "the court in which the action is pending" to make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." See also *Devlin v. Transportation Comm. Int'l Union*, Nos. 95Civ.0742(JFK)(JCF), 95CIV 10838(JFK)(JCF), 2000 WL 249286 (S.D.N.Y. March 6, 2000); *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C. 2001). Therefore the court deems plaintiff's motion to be a motion for a protective order against defendant (over whom this court clearly has jurisdiction), and addresses the matter on its merits.

### B. Relevance

Plaintiff contends that the discovery sought by defendant through the subpoenas is irrelevant. In response, defendant argues that the discovery is relevant (1) to defendant's

defense of mistaken identity, and (2) to plaintiff's credibility and motive for seeking to elude her creditors' calls.

First, defendant argues that the subpoenaed records are relevant because they may reveal the identity of other debt collectors, what efforts those collectors made, and when and to whom telephone calls were made. This could support a defense that defendant did not make all of the calls alleged in the complaint. Plaintiff asserts that she has evidence to show that defendant made all of the calls alleged in the complaint; however, this evidence goes to the strength of defendant's arguments rather than the relevance of the subpoenaed records. The court concludes that, to the extent that defendant seeks discovery directly related to telephone calls made by creditors and debt collectors, such discovery is relevant. On the other hand, Catherine Wells' credit card statements or any other documents that reveal the specifics of the purchases that led to her debts are irrelevant to defendant's mistaken identity theory.

Defendant also argues that the subpoenaed records are relevant to plaintiff's "credibility" and "motives." However, defendant failed to make any showing in its papers or at the hearing that plaintiff's credibility or motives are relevant to any claim or defense in this action. Both the federal and the state statute at issue in this action focus on the conduct of debt collectors, not on the conduct or motives of the debtor. See 15 U.S.C. § 1692, et seq., and Cal. Civ. Code § 1788, et seq.

### C. Sealing Request

Plaintiff submitted, in support of her reply, a spreadsheet made by her attorneys of collection calls, based in part on defendant's records. Defendant designated some of the underlying records "Confidential" pursuant to the stipulated protective order in place, so plaintiff dutifully filed a motion to seal. Defendant has not complied with Civil Local Rule 79-5 by submitting a declaration establishing that the information is sealable. If defendant does not file such a declaration by April 13, 2007, the court will cause the exhibit to become publicly available.

//
//

3

**ORDER**

It is hereby ORDERED that:

1. Defendant shall withdraw all subpoenas served on Catherine Wells' creditors;

2. Defendant may issue new subpoenas that comply with all of the requirements of Rule 45 and that seek written communications with third party debt collection agencies regarding Catherine Wells' account as well as documents relating to debt collection of her account, including collectors' notes and documents showing telephone numbers called during credit collection efforts, and the dates and times of those telephone calls.

3. Defendant may not seek to discover from third party creditors any specific information concerning the purchases of goods or services that resulted in Catherine Wells' debts.

4. Defendant shall comply with Civil Local Rule 79-5 by April 13, 2007.

5. Information obtained from the subpoenaed records shall be used for purposes of this action only.

Dated: April 10, 2007

    /s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**Notice will be electronically mailed to:**

Peter Francis Barry pbarry@lawpoint.com, jschendel@lawpoint.com; peterbarry@comcast.net

David J. Kaminski kaminskd@cmtlaw.com

Larissa G. Nefulda NefuldaL@cmtlaw.com,

Ronald Wilcox ronaldwilcox@post.harvard.edu

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**United States District Court**
For the Northern District of California