1  CHARLES R. MESSER, ESQ. (State Bar No. 101094)
   MesserC@cmtlaw.com
2  J. GRACE FELIPE, ESQ. (State Bar No. 190893)
   FelipeG@cmtlaw.com
3  W. MICHAEL HARTMAN, ESQ. (State Bar No. 55771)
   HartmanM@cmtlaw.com
4  CARLSON & MESSER LLP
   5959 W. Century Boulevard, Suite 1214
5  Los Angeles, California 90045
   (310) 242-2200 Telephone
6  (310) 242-2222 Facsimile
   Attorneys for Defendant, GC SERVICES LIMITED
7  PARTNERSHIP

8            UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11 | CATHERINE WELLS, CLARENCE ) CASE NO. C06-03511 RMW HRL
   | WELLS, and JAMES WELLS,     )
12 |                             ) **DEFENDANT GC SERVICES LIMITED
   |         Plaintiff,          ) PARTNERSHIP'S MOTION TO
13 |                             ) BIFURCATE PUNITIVE DAMAGES AT
   | vs.                         ) TRIAL**
14 |                             )
   | GC SERVICES LIMITED         )
15 | PARTNERSHIP,                ) Date:  February 21, 2008
   |                             ) Time:  2:00 P.M.
16 |         Defendants.          ) Courtroom 2, 5th Floor
17 |                             )
   |                             ) Trial Date:  March 3, 2008
18 |                             )

19

20 **TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:**

21    **PLEASE TAKE NOTICE** that on February 21, 2008, at 2:00 P.M. in Courtroom 2 of the

22 above-entitled Court located at 2112 United States Courthouse, 280 South First Street, San Jose,

23 CA 95113, Defendant GC SERVICES LIMITED PARTNERSHIP (hereinafter, "GC Services")

24 will move for an order to Bifurcate the Trial on the issue of punitive damages pursuant to *Federal*

25 *Rules of Civil Procedure* Rule 42 and California *Civil Code* § 3295(d).

26 / / /

27 / / /

28 / / /

---

05517.00/141477                           MOTION TO BIFURCATE PUNITIVE DAMAGES AT TRIAL
                                          C06-3511 RMW HRL
                                    1

This request is made on the grounds that a separate trial on the issue of punitive damages will expedite and simplify the production of evidence and will promote the convenience of witnesses. Moreover, a bifurcation of the trial will prevent the introduction of certain evidence relating to the issue of damages which would otherwise unfairly prejudice GC Services. Finally, separating the issue of liability will save this Court and the parties unnecessary trial time and expense.

## I. INTRODUCTION

Plaintiff CATHERINE WELLS incurred a debt with Citibank in the amount of $10,550.88 ("the debt"). On July 26, 2005, Defendant GC Services, a collection agency, was retained to collect the debt. Plaintiffs, Catherine, (her father) CLARENCE WELLS and (her brother) JAMES WELLS, allege that GC Services violated 15 U.S.C. §1692, *et seq.* and California <u>Civil Code</u> §1788, *et seq.* during its attempts to collect the debt from Catherine, by, among other allegations, repeatedly contacting Plaintiffs and third parties from June 2005 to September 2005. Plaintiffs also made claims for Intentional and Negligent Infliction of Emotional Distress, Invasion of Privacy and Tort-In-Se. GC Services denies all of the Plaintiffs' allegations and claims.

Plaintiffs pray for punitive damages against GC Services on the third and fourth causes of action for Intentional Infliction of Emotional Distress and Torts based upon allegations that "Defendant acted with oppression, fraud, and/or malice . . ." (See ¶¶ 78 and 90 of the Complaint.) Plaintiffs have also moved to compel pre-trial discovery on GC Services's financial condition and net worth on the grounds that said discovery is relevant to the claim of punitive damages. Defendant opposed Plaintiffs' Motion and moved for a Protective Order based upon California *Civil Code* § 3295 which prohibits such pre-trial discovery until the court finds that a plaintiff has established a "substantial probability" that the plaintiff will prevail on the claim.[1] See, California *Civil Code* §3295(c).

/ / /

/ / /

---

[1] Plaintiffs' Motion to Compel Discovery and Defendant's Motion for Protective Order are concurrently scheduled for hearing on February 5, 2008.

1    GC Services now seeks bifurcation of the issue of punitive damages, precluding the
2    admission of evidence of GC Services' profits or financial condition until after the trier of fact
3    returns a verdict for Plaintiffs <u>and</u> only after there is a finding that GC Services is guilty of malice,
4    oppression, or fraud in accordance with California *Civil Code* § 3294.  An order of bifurcation will
5    insure that the jury is fair and will insure dispassionate consideration of the evidence in this case.

## II. JUSTICE WOULD BE PROMOTED BY ORDERING BIFURCATION SINCE THE ISSUE OF PUNITIVE DAMAGES IS POTENTIALLY PREJUDICIAL TO DEFENDANT.

Rule 42 of the *Federal Rules of Civil Procedure* provides as follows:

> (b) SEPARATE TRIALS. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Rule 42 empowers the Court to order the trial of particular issues before others.  This power includes the broad discretion to order the separate trials on the issue of liability before the issue of punitive damages.  A district court also may order separate trials under Rule 42(b) to promote judicial economy and efficiency.  See *Jinro America, Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 998 (9th Cir. 2001).

Here, there is no question that the presentation of evidence concerning punitive damages will be lengthy and protracted.  It will involve the admission and presentation of evidence that has nothing to do with the issues of liability or general damages in this case.  Plaintiffs may call expert witnesses and present financial documents to the jury regarding GC Services' profits or financial condition.  There presently has been no pre-trial discovery into GC Services' profits and financial condition in this case.  GC Services objected to Plaintiffs' pre-trial discovery into its net work and financial condition on the grounds that such discovery is irrelevant, premature and is meant to

harass and annoy GC Services. GC Services further moved for a protective order regarding same.

This is exactly the type of evidence and testimony which could be highly prejudicial to a corporate defendant like GC Services. Therefore, GC Services requests that the Court order that the issue of punitive damages be tried separately to the same jury only if the jury has first found that GC Services is liable on either Plaintiffs' third or fourth causes of action.

### III. EVIDENCE OF GC SERVICES' FINANCIAL CONDITION SHOULD NOT BE OFFERED BEFORE THE JURY UNTIL THERE HAS BEEN A FINDING THAT PLAINTIFFS ARE ENTITLED TO EXEMPLARY DAMAGES.

California *Civil Code* § 3295(d) provides that:

> "The court shall, on application of any defendant, preclude the admission of evidence of that defendant's profits or financial condition until after the trier of fact returns a verdict for plaintiff awarding actual damages and finds that a defendant is guilty of malice, oppression, or fraud in accordance with § 3294. Evidence of profit and financial condition shall be admissible only as to the defendant or defendants found to be liable to the plaintiff and to be guilty of malice, oppression or fraud. Evidence of profit and financial condition shall be presented to the same trier of fact that found for the plaintiff and found one or more defendants guilty of malice, oppression, or fraud."

In the Complaint, Plaintiffs pray for "... punitive damages pursuant to 15 U.S.C. § 1692k and California Civil Code § 1788.17." (See Complaint, pg. 13.) Under Plaintiffs' third and fourth causes of action for Intentional Infliction of Emotional Distress and Torts, the Complaint alleges that "Defendant acted with oppression, fraud, and/or malice, thereby entitling Plaintiffs to punitive damages in an amount according to proof and a finder of fact at trial." (See ¶¶ 78 and 90 of the Complaint.) As such, Plaintiffs claim that they are entitled to recovery of punitive damages based upon California *Civil Code* § 3294.

1  Section 3294 states in relevant part:

2     (a)  In an action for the breach of an obligation not arising from contract, where it is
3     proven by clear and convincing evidence that the Defendant has been guilty of
4     oppression, fraud, or malice, the Plaintiff, in addition to actual damages, may
5     recover damages for the sake of example and by way of punishing the Defendant.

6  Since Plaintiffs are seeking recovery of punitive damages against GC Services based §
7  3294, then Plaintiff must accordingly be required to comply with *Civil Code* § 3295.  Section 3295
8  allows protective orders requiring the plaintiff to product evidence of a prima facie case of liability
9  for damages pursuant to Section 3294 prior to the introduction of evidence of a defendant's profits
10 and financial condition.  California *Civil Code* § 3295(a).  Moreover, Section 3295 prohibits pre-
11 trial discovery by plaintiff regarding evidence of GC Services' financial condition and profits
12 unless plaintiff has established that there is a "substantial probability" that the plaintiff will prevail
13 on a claim entitling him or her to damages under Section 3294.  California *Civil Code* § 3295(c).
14 There has been no such finding in the case at bar.  Therefore, the Court should order bifurcation
15 trial on the issue of punitive damages.
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

05517.00/141477                                    MOTION TO BIFURCATE PUNITIVE DAMAGES AT TRIAL
                                                   C06-3511 RMW HRL
                                              5

## IV.  CONCLUSION

Based on the foregoing, GC Services respectfully submits that the convenience of witnesses, the convenience of the Court, and the parties and the interests of justice will be served if this Court orders bifurcation of determination of the amount of punitive damages tried separately from the issue of liability and general damages.  Defendant GC Services would be prejudiced by admission of evidence regarding any profits or financial condition until after the trier of fact returns a verdict for Plaintiff awarding actual damages, and finds that the Defendant is first liable for malice, oppression, or fraud in accordance with California *Civil Code* § 3294.

DATED: February 5, 2008               CARLSON & MESSER LLP

                                       By_____
                                       Charles R. Messer, Esq.
                                       J. Grace Felipe, Esq.
                                       W. Michael Hartman
                                       Attorneys for Defendant, GC SERVICES
                                       LIMITED PARTNERSHIP

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California.

I am over the age of eighteen years and not a party to the within action. my business address is 5959 W. Century Boulevard, Suite 1214, Los Angeles, California 90045. I am employed at that address at the firm of Carlson & Messer, LLP.

On **February 5, 2008**, I served the foregoing document(s) described as: **DEFENDANT GC SERVICES LIMITED PARTNERSHIP'S MOTION TO BIFURCATE PUNITIVE DAMAGES AT TRIAL** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]  **BY MAIL**: I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson & Messer LLP. I am "readily familiar" with the business practices of Carlson & Messer LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

[ ]  **BY FACSIMILE**: On the date set forth below, at approximately ____ p.m., I transmitted the above document(s) from facsimile machine number (310)242-2222, in compliance with transmission as provided in California Rule of Court 2008. The fax number(s) that I used are shown above or on the attached Service List, along with the names of recipients and the interested parties. The Facsimile Machine I used complied with California Rule of Court 2003(3). The transmission was reported as complete and without error by the machine, which properly issued the transmission report.

[X]  **(FEDERAL)** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed this **5th day of February, 2008**, at Los Angeles, California.

*/s/ Deborah A. Nash*
Deborah A. Nash

05517.00:139169

1

**Case Name**
*Catherine Wells, et al v. GC Services Limited Partnership*
**Our File No. 05517.00**

| | |
|---|---|
| Ronald Wilcox, Esq.<br>2160 The Alameda, First Floor, Suite F<br>San Jose, CA 95126<br>Tel:   (408) 296-0400<br>Fax:  (408) 296-0486 | **Attorneys for Plaintiffs,**<br>**CATHERINE WELLS, CLARENCE**<br>**WELLS AND JAMES WELLS** |
| Peter F. Barry, Esq.<br>BARRY & SLADE LLC<br>2021 East Hennipin Avenue<br>Suite 195<br>Minneapolis, MN 55413<br>Tele:  (651) 714-8800<br>Fax:  (612) 379-8810 | **Attorneys for Plaintiffs,**<br>**CATHERINE WELLS, CLARENCE**<br>**WELLS AND JAMES WELLS** |

05517.00:139169

2