1  Ronald Wilcox, Esq., State Bar No. 176601
2  2160 The Alameda, Suite F, First Floor
   San Jose, CA 95126
3  Tel: (408) 296-0400
   Fax: (408) 296-0486
4  ronaldwilcox@post.harvard.edu

5  Peter F. Barry, Esq., 0266577 (Admitted Pro Hac Vice)
   Barry & Slade, LLC
6  2021 E. Hennepin Are, #195
7  Minneapolis, Minnesota 55413
   Tel: (612) 379-8800
8  Fax: (612) 379-8810
   pbarry@lawpoint.com
9
10 ATTORNEYS FOR PLAINTIFFS

11              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
12                     **SAN JOSE DIVISION**

13 _____
   CATHERINE WELLS and CLARENCE       )
14 WELLS,                             )  CIV. NO. C 06-03511 RMW HRL
                                      )
15          Plaintiffs,               )  **NOTICE AND MOTION TO ENFORCE**
                                      )  **SETTLEMENT AGREEMENT AND**
16     v.                             )  **[PROPOSED] ORDER**
                                      )
17 GC SERVICES LIMITED PARTNERSHIP,   )  Date:  April 25, 2008
                                      )  Time:  9:00 a.m.
18                                    )  HON.   RONALD M WHYTE
19          Defendant.                )  U.S. District Court
   _____)  280 South 1st St., San Jose, CA
20

21   **PLEASE TAKE NOTICE THAT** on April 25, 2008, at 9:00 a.m., or as soon thereafter as the

22 matter may be heard, in the above-entitled Court located at 280 South 1st St., San Jose, CA 95113,

23 Plaintiffs will move the court to Enforce the Settlement Agreement entered into at the Settlement
24
   Conference with Hon. Howard Lloyd.  This motion will be based on the herein notice and motion,
25
   including the legal authorities cited, the supporting declaration, all documents related to the motion, all
26
27 documents in the Court's file in this action, all matters of which the Court may take judicial notice, and

28 any other items the Court deems appropriate.

## 1. BACKGROUND

With the assistance of Hon. Howard Lloyd, the parties resolved this matter at a Settlement Conference on February 11, 2008. The parties placed the terms of settlement on the record, agreed the Defendant must take action to complete the settlement by March 12, 2008.[1] The parties also agreed this court would retain jurisdiction to enforce the terms of the settlement agreement. *See Declaration of Ronald Wilcox in Support of Motion to Enforce Settlement Agreement* (hereafter "*Wilcox Decl.*"), ¶1.

The Hon. Ronald M. Whyte set a Case Management Conference for March 14, 2008. When Defendants failed to complete the settlement, Plaintiffs filed a request to Continue the March 14, 2008 CMC, to allow Defendant more time to honor the settlement terms. The Hon. Ronald M. Whyte continued the March 14, 2008 CMC to March 28, 2008 (Doc# 113), indicating there would be no further continuances. *Wilcox Decl.*, ¶2.

Defendant had thirty days to complete the settlement. However, Defendant has breached the terms of settlement and has failed to complete the settlement. Plaintiffs met and conferred with Defendant in an effort to resolve this matter, including phone calls on March 19, 2008 to Defendant's counsel and the insurance carrier, and several e-mails. In an email dated March 19, 2008, Defendant wrote, "ACE's check is in the mail..." However, as of the time of this writing Defendant is still in breach, the settlement was to be concluded by March 12, 2008, and the court had indicated it would not allow any further continuances of the CMC. Plaintiffs were forced to file this motion. *Wilcox Decl.*, ¶3.

Plaintiffs respectfully request: 1) an order enforcing the terms of the settlement agreement, and requiring Defendant to complete the terms of the settlement agreement immediately, and 2) an order awarding Plaintiffs their attorney's fees and costs ($1,300) for having to enforce the terms of the

---

[1] Plaintiffs have ordered a copy of the recording of the settlement terms placed on the record.

- 2 -

NOTICE AND MOTION TO ENFORCE SETTLEMENT AGREEMENT AND [PROPOSED] ORDER

settlement agreement.

## 2. ARGUMENT

In making the decision to enforce a settlement agreement, a district court must conclude that the parties have reached an agreement on all material terms. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). Where facts material to an agreement are in dispute, an evidentiary hearing is generally compulsory. *RE/MAX Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001) citing *Kukla v. Nat'l Distillers Prods. Co.*, 483 F.2d 619, 622 (6th Cir. 1973)). However, no evidentiary hearing is required where an agreement is clear and unambiguous and no issue of fact is present. *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976). Thus, summary enforcement of a settlement agreement, as in this case, is appropriate when there is no substantial dispute regarding the existence of the agreement and the terms are unambiguous. *Kukla*, 483 F.2d at 621; *Aro Corp.*, 531 F.2d at 1372.

Herein, the parties do not dispute an agreement was reached. Indeed, Judge Lloyd's minute order clearly states, "Settlement Conference Held. Case settled. Terms are confidential." Doc# 110. Simply put, Defendant is in breach, and Plaintiffs have been forced to file this motion.

Furthermore, Plaintiffs brought claims under the Fair Debt Collection Practices Act, which contains a fee shifting provision, thus providing reasonable attorney's fees and costs. 15 U.S.C. 1692k. Therefore, Plaintiffs are entitled to all reasonable fees and costs incurred herein. *Nunez v. Interstate Corporate Systems, Inc*., 799 P.2d 30 (Supreme Court of Arizona 1990)("The award of attorney fees was required under 15 U.S.C.S. § 1692k(a)(3) because it provided statutory authority not only to award fees in the initial action but also in any action, such as this one, to enforce the judgment obtained in that initial action."). Also see, *In re Nucorp Energy, 764 F.2d 655 (9th Cir. 1985)* and *Spain v. Montanos,* 690 F.2d 742 (9th Cr. 1982).

## 3. RELIEF REQUESTED

Plaintiffs respectfully requests:

1) an order enforcing the terms of the settlement agreement, and requiring Defendant to complete the terms of the settlement agreement immediately,

2) an order awarding Plaintiffs' counsel Ronald Wilcox attorney's fees and costs for having to enforce the terms of the settlement agreement (the amount to date is $1,300),

Respectfully submitted,

Dated: 3/21/08

/s/Ronald Wilcox
Ronald Wilcox, Counsel for Plaintiffs

## [PROPOSED] ORDER

Defendant is hereby ordered to complete the terms of the settlement agreement that were placed on the record with the Hon. Howard Lloyd on February 11, 2008, without delay.

Defendant is also ordered to reimburse Plaintiffs' counsel Ronald Wilcox $1,300 for the attorney's fees expended relating to Defendant's breach.

**IT IS SO ORDERED.**

Date:

_____
HON. RONALD M. WHYTE
U.S. DISTRICT JUDGE